Hormisdas San Souci  
vs. } No. 71494.  
Elie O. Lavallee

May 10, 1930.

May 10, 1930.

CARPENTER, J. This is an action brought by Dora San Souci of Central Falls, in the County of Providence and State of Rhode Island, against Elie O. Lavallee of said Central Falls, in an

action of trespass on the case for negligence. The case was tried before a jury together with the case of Hormisdas San Souci, husband of Dora San Souci, against said Lavallee, said latter case being numbered 71494. The jury found the defendant guilty of negligence as alleged in the declaration and assessed damages for the plaintiff in the sum of $15,000.00. Thereupon in due time the defendant filed a motion for a new trial alleging:

1. That the said verdict is contrary to the law.

2. That the said verdict is against the evidence and the weight thereof.

3. That the said verdict is against the law and the evidence and the weight thereof.

4. That the damages awarded to the plaintiff in and by said verdict are grossly excessive.

5. That the defendant has discovered new evidence which is material to the case, of which he did not have knowledge at the time of the trial thereof, and which he could not with reasonable diligence have discovered in time for use at said trial.

At the hearing upon said motion no claim was made upon the fifth ground set forth in the motion for a new trial, but all the other grounds were relied upon.

It appeared from the evidence that the plaintiff, as a guest of the defendant, was riding in an automobile driven by the defendant on the state road between the towns of Athol and Barre, in the Commonwealth of Massachusetts, and that on the road between said towns she was thrown from the automobile because and by reason of the gross negligence of the defendant in the driving of said automobile. The accident happened in the Commonwealth of Massachusetts, and because of the fact that Mrs. San Souci was a guest of the defendant while riding in his automobile, it became necessary, according to the law of Massachusetts, for the plaintiff, in order to maintain her action, to prove gross negligence.

From the evidence of the plaintiff and her witnesses, it appeared that it was late at night when they left Athol and that they were following another automobile driven by a Mr. Sylvester, with whom his wife, the daughter of Mrs. San Souci, was riding. As they left Athol, the defendant drove his machine at a fast rate of speed, at such a rate that passengers in the car cried out in fright, and the defendant was asked not to drive so fast by his wife, Mrs. Lavallee, who was riding in the car and who was killed in the accident. The defendant appeared to become angry because of the protestations as to his driving and increased his speed. As they entered a curve in the road, which appeared from the evidence to be a very long curve, the defendant made no attempt to slacken his speed, but continued on at a very fast and reckless rate until the automobile left the road and tipped over, hurling Mrs. San Souci and other occupants of the car into the road. The car was going at such a rate of speed and tipped over with so much force that the wife and a child of the defendant were killed.

The defendant denied most of the material evidence of the plaintiff.

When the machine tipped over and Mrs. San Souci was hurled into the road, she received a serious fracture of her leg, together with other injuries. She was taken to a Worcester hospital and there was treated by surgeons who testified at the trial. It appeared from the evidence that the bone broken was very hard to set and it became necessary to place upon Mrs. San Souci's leg very painful and drastic appliances, which are described minutely in the evidence; that because of the seriousness of the fracture and the manner in which the bone was broken, and through the placing of the

appliances, Mrs. San Souci suffered most excruciating pain. After some weeks Mrs. San Souci was discharged from the hospital and taken to her home in Central Falls. A day or so after she arrived at her home, the leg was again broken through no fault or negligence of Mrs. San Souci. She was then taken to the Memorial Hospital at Pawtucket, and for some weeks she was treated by surgeons at that institution who testified at the trial. Again she was compelled to suffer pain and agony in the setting and healing of the bone. After she was taken to her home and the bone had healed, it was found that the leg that was injured had become somewhat shorter than the other, which causes her to walk with some difficulty.

From all the evidence submitted, this Court feels that the jury were justified in their finding that the defendant was guilty of gross negligence. This Court also feels that a verdict of $15,000 for the pain and suffering, shortening of the leg, and the injuries that she sustained, is not excessive, and is satisfied that substantial justice has been done in this case.

Motion for new trial denied.

For plaintiff: Fitzgerald & Higgins.

For denfendant: Greenough, Lyman & Cross.